**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LIVIA MERCADO, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO: _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GREIF PACKAGING LLC d/b/a | ) |
| CORRCHOICE (PA) LLC | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Livia Mercado, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Greif Packaging LLC d/b/a CorrChoice (PA) LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges illegal retaliation and interference with Plaintiff's rights in violation of the laws and statutes of the United States of America, specifically, the Family and Medical Leave Act of 1993 (hereinafter referred to as the "FMLA"), and the Americans with Disabilities Act as amended, 42 U.S.C. §12101, et seq. (the "ADA").

2.      Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this District Court for

the Middle District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States.

3.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4.    Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.    Plaintiff, Livia Mercado (hereinafter referred to as "Ms. Mercado" or "Plaintiff"), is an adult individual currently residing in Lebanon County, Pennsylvania.

6.    Ms. Mercado has been medically diagnosed with and suffers from Diabetes, High Cholesterol, and High Blood Pressure, which qualifies as a serious medical condition under the FMLA.

7.    Defendant, Greif Packaging LLC d/b/a CorrChoice (PA) LLC (hereinafter referred to as "Defendant") is a Delaware limited liability company with its headquarters at 425 Winter Road, Delaware, Delaware County, Ohio 43015.

8.    At all times relevant to this Complaint, Defendant owned and operated Greif CorrChoice Palmyra located at 390 North Lingle Avenue, Palmyra, Lebanon County, Pennsylvania 17078 ("Palmyra Location").

9.    At all times relevant to this Complaint, Defendant employed in excess of fifty (50) employees, including Ms. Mercado, making Defendant an "employer" as defined under the FMLA

## STATEMENT OF FACTS

10.    Ms. Mercado was hired by Defendant as a Forklift Operator in the Shipping Department of the Palmyra Location in or about January of 2020.

11.    During her employment with Defendant, Ms. Mercado was an exemplary employee, and had no major work-related issues.

12.    Ms. Mercado suffers from Diabetes, High Cholesterol, and High Blood Pressure, conditions that substantially limit Ms. Mercado's ability to think and concentrate by causing headaches and fainting.

13.    Ms. Mercado informed Defendant of these conditions in or about July 2020.

14.    In order to treat her conditions, Ms. Mercado requested intermittent leave under the FMLA in or about October of 2021.

15. A month after Ms. Mercado's request, in or about November 5, 2021, Ms. Mercado received a final warning based on her attendance and tardiness.

16. Defendant forced Ms. Mercado to work overtime the following day to make up for intermittent FMLA leave that was taken.

17. In or about January 18, 2022, Ms. Mercado had a meeting with Human Resource Coordinator, Daisy Alvarez, and Defendant's manager, Don (last name unknown), where they terminated her based on attendance and tardiness.

18. Ms. Mercado's attendance and tardiness were based on Ms. Mercado's intermittent FMLA leave for doctor appointments.

19. It is illegal for an employer to interfere with an employee's FMLA rights, as well as for an employer to discriminate against or retaliate against an employee who has exercised or attempted to exercise any FMLA right.

20. Defendant violated Ms. Mercado's FMLA rights by forcing her to work overtime because of FMLA leave, and for terminating her for using her intermittent FMLA leave.

## <u>COUNT I</u>

### FMLA VIOLATION
*Interference/Discrimination*

21. All prior paragraphs are incorporated herein as if set forth fully below.

4

22. Plaintiff had the right under the FMLA to twelve (12) weeks of job-protected leave in a fifty-two (52) week period because of her serious medical condition and ongoing treatment to manage her condition.

23. The FMLA prohibits an employer from interfering and/or discriminating against an employee for exercising her FMLA rights.

24. Defendant violated Plaintiff's FMLA rights by forcing her to work overtime and for terminating her.

25. Defendant's reasoning for all of the above was based upon Plaintiff's use of intermittent FMLA leave.

26. Defendant's reasoning for all of the above was based upon Plaintiff's use of intermittent FMLA leave.

27. Accordingly, Defendant interfered with and retaliated against Plaintiff for exercising her federal rights under the FMLA.

## <u>COUNT II</u>

### ADA VIOLATION
*Interference/Discrimination*

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. Ms. Mercado is within the protective class of individuals as designated by the ADA.

30. Ms. Mercado is a qualified individual with a disability.

31.    Ms. Mercado's disability substantially limits her ability to perform major life activities.

32.    Ms. Mercado was able to perform the essential functions of her job with or without a reasonable accommodation.

33.    Defendant violated the ADA by discriminating against Ms. Mercado because of her disability, and consequently terminating her for pretextual reasons.

34.    The illegal discrimination was based in whole or in part upon Ms. Mercado's disability.

35.    As a direct and proximate result of the conduct of Defendant in violating the ADA by discriminating against Ms. Mercado on the basis of her disability, Ms. Mercado has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Livia Mercado, prays that this Honorable Court enter judgment in his favor and against Defendant, Greif Packaging, LLC., d/b/a CorrChoice, and that it enter an Order as follows:

a.    Defendant is to be permanently enjoined from interfering with and/or discriminating against Plaintiff on the basis of his serious

medical condition and disabilities, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or discriminating or retaliating against employees based on their disabilities or serious medical conditions, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e. Liquidated damages under the FMLA;

f.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i.   Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

8

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: <u>December 5, 2023</u>

<u>*/s/Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

<u>*/s/Larry A. Weisberg*</u>
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

<u>*/s/Michael J. Bradley*</u>
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

<u>*/s/Steve T. Mahan*</u>
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*

9